IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY DEVINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, AMTRAK and | ) | |
| CHICAGO UNION STATION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **NOTICE OF REMOVAL**

NOW COMES Defendant NATIONAL RAILROAD PASSENGER CORPORATION

("Amtrak") by undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. §

1446. In support of this Notice, Defendant states as follows:

1.      The Complaint in the above-captioned matter was filed in the Circuit Court of

Cook County on June 12, 2018. (A copy of the Complaint is attached hereto as Exhibit "A".) In

her Complaint, Plaintiff seeks recovery for injuries allegedly sustained on September 12, 2016,

when she tripped on an exit mat while exiting Chicago Union Station.

2.      This Notice of Removal is being filed with this Court within thirty (30) days from

the earliest date when the National Railroad Passenger Corporation (also known as Amtrak) had

notice of and was in receipt of the complaint, as it was served on July 3, 2018.

3.      Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to §

1349, the district courts "shall not have jurisdiction of any civil action by or against any

corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (Emphasis added).

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984) ("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.") (and cases cited therein).

4.     Amtrak was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.*. Additionally, the United States is the owner of more than one-half of Amtrak's capital stock. *See* Affidavit of Phil Hancock attached hereto as Exhibit "B".

5.     Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad* Co., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re*

*Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987).

6.     This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7.     This Notice of Removal is filed on behalf of National Railroad Passenger Corporation. While separately sued, Amtrak is not a separate entity apart from National Railroad Passenger Corporation; rather it is simply a registered servicemark for it. Co-Defendant Chicago Union Station Company, also represented by undersigned counsel and itself a wholly-owned subsidiary of Amtrak at the time of the alleged incident, consents to this removal.

8.     In accordance with 28 U.S.C. § 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal by hand-delivery express with attached exhibits to Plaintiff through her counsel, Law Office of Scott B. Wolfman, 641 W. Lake Street, Suite 400, Chicago, Illinois 60661, and Steven J. Morton & Associates, Ltd., 212 West Washington Street, Suite 1008, Chicago, Illinois 60606. In further compliance with §1446(d), on this same date, Defendant National Railroad Passenger Corporation also filed a copy of this Notice of Removal with the clerk of the Circuit Cook of Cook County.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Court No. 18 L 6044 now pending in the Circuit Court of Cook County, Illinois is removed to this Court for all further proceedings.

NATIONAL RAILROAD PASSENGER
CORPORATION


By:   /s/   Susan K. Laing
          One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
100 South Wacker Drive, Suite 1000
Chicago, Illinois 60606
(312) 673-7813 (S.K.Laing)
Susan.Laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **NOTICE OF REMOVAL** to all counsel of record below on July 24, 2018:

**Served Via Hand-Delivery/Via Messenger:**
Scott B. Wolfman
Law Office of Scott B. Wolfman & Associates, P.C.
641 W. Lake Street, Suite 400
Chicago, IL 60661

**Served Via Hand-Delivery/Via Messenger:**
Steven J. Morton & Associates, Ltd.
212 W. Washington Street, Suite 1008
Chicago, IL 60606

SUBSCRIBED and SWORN TO
before me on this 24th day of July, 2018.

_____
Notary Public

OFFICIAL SEAL
SHARON F. DINOVO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES
SEPTEMBER 4, 2018

Susan K. Laing
ANDERSON, RASOR & PARTNERS, LLP
100 S. Wacker Dr.
Suite 1000
Chicago, IL 60606
(312) 673-7800
susan.laing@arandpartners.com